**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

GEORGE PLUMMER
        Plaintiff,      :

v.

DEUTSCHE BANK NATIONAL TRUST CO.    :    Civil Action No.:
AS TRUSTEE
        Defendants.

08cv2002

**COMPLAINT**

**A.**    **Jurisdiction and Venue**

1. Jurisdiction over this matter is conferred upon this Court by the Truth in Lending Act (hereinafter "TILA"), 15 U.S.C. §1640(e), and 28 U.S.C. §§ 1331. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a).

2. Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.**    **Parties**

3. Plaintiff George Plummer is an individual who resides at and owns the property at 249 Osborne Ave., Morrisville, Pennsylvania 19067 [hereinafter "the property"].

4. Ameriquest Mortgage Company ("Ameriquest") is a "subprime" consumer finance company which was formerly engaged in the business of originating and servicing high-cost, high-risk home equity mortgages throughout the United States, including the Commonwealth of Pennsylvania, with a place of business at 1000 Town and Country Road, Suite 1200, Orange, CA 92868.

5. Defendant Deutsche Bank National Trust Co. [hereinafter "Deutsche Bank"] is Trustee for a trust, which, upon information and belief, is known as Ameriquest Mortgage Securities, Inc., Asset Backed Pass Through Certificates, Series 2005-R8. Deutsche Bank's address for its principal

offices is 1761 E. St. Andrew Place, Santa Ana, CA 92705. Defendant Deutsche Bank is sued in its capacity as trustee.

      6.      Defendant is a creditor within the meaning of TILA.

**C.**     **Factual Allegations**

      7.      On or about January 25, 2005, Ameriquest closed a $165,000 refinancing loan with plaintiff.

      8.      Prior to entering into the loan hereinafter described, plaintiff had taken a mortgage on the property on December 13, 2002 within three (3) years of the date of refinancing hereafter described.

      9.      Plaintiff's loan with defendant Ameriquest financed a policy of title insurance issued by Stewart Title Company.

      10.     Pursuant to 40 P.S. §741, Stewart Title is authorized to issue title insurance in the Commonwealth of Pennsylvania pursuant to the Title Insurance Rating Bureau of Pennsylvania (TIRBOP).

      11.     Stewart's agent for closing of the loan, New Vision PA Land Transfer (hereinafter "New Vision"), is also regulated by the aforesaid statute. TIRBOP publishes a regulations manual setting forth the purpose and amount of fees that one of its member companies is permitted to charge in connection with issuance of a title policy.

      12.     New Vision and Stewart violated the TIRBOP manual by charging plaintiff fees in excess of those permitted which, at a minimum, included failing to give plaintiff an 80% reissue rate discount under Sec. 5.6 of TIRBOP which applies to refinancings within less than 3 years of the insured loan. Accordingly, plaintiff was overcharged for the title policy by over $300.00.

2

13. In addition to the aforesaid overcharge, other fees were improperly excluded from the finance charge calculation from the HUD1 as described below thereby failing to disclose the loan's true charges under TILA.

14. On or about January 17, 2008, plaintiff advised defendant by letter that he was rescinding the loan (see Ex. "A").

15. Defendant Deutsche Bank's servicer for the loan pool which is owned by Deutsche Bank responded on February 7, 2008 that it would not rescind the loan (see Ex. "B").

**Cause of Action - TILA RESCISSION**

16. The loan was a residential mortgage loan subject to the Plaintiff's right of rescission as described by TILA, 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).

17. Defendant Ameriuqest failed to deliver all "material" disclosures required by TILA for reasons including but not limited to failing to provide a Truth in Lending disclosure at closing which accurately disclosed the loan's finance charge as required by 15 U.S.C. §1635(i):

| Finance Charge | Description |
|---|---|
| 6,809.55 | Loan Discount |
| 626 | Lender processing fee |
| 360 | Application fee |
| 239 | Administration fee |
| 70 | Tax related search fee |
| 9 | Flood search fee |
| 224.70 | Interest |
| 250 | Settlement fee |
| 331.45 | Failure to give title premium discount |
| 64.00 | Courier fee |
| 40 | Tax certification, free in Phila Cty. |

3

| | |
|---|---|
| **9,023.70** | Total |
| **9,023.70** | |
| -8,817.25 | **underdisclosed finance charge** |
| 206.45 | > $35.00 error tolerance = TILA violation |

13. Defendant Ameriquest failed to deliver the aforesaid "material" disclosures required by TILA as indicated herein by failing to complete the rescission date on the notices.

16. To the extent that Ameriquest transferred its interest in the loan to defendant Deutsche Bank, 15 U.S.C. § 1641(c) renders defendant Deutsche Bank liable for complying with rescission.

17. As a result of the violations of TILA, pursuant to 15 U.S.C. §§1635(a) and 1640(a), Defendants are liable to Plaintiff for:

    a) rescission of this transaction, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed by Defendant;

    b) termination of any security interest in Plaintiff's property created under the transaction;

    c) return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

    d) statutory damages of $2,000 for failure to rescind pursuant to the requirements of 15 U.S.C. §1635(b);

    e) actual damages in an amount to be determined at trial;

    f) an award of reasonable attorney's fees and costs.

Dated: <u>April 25, 2008</u>        /s/ RC935
ROBERT P. COCCO, P.C.
Attorney for Plaintiff, Pa. Id. No. 61907
437 Chestnut Street, Suite 1006, Philadelphia, PA 19103
215-351-0200

LAW OFFICES OF
# ROBERT P. COCCO, P.C.

437 CHESTNUT STREET, SUITE 1006
PHILADELPHIA, PENNSYLVANIA 19106

(215) 351-0200
FAX: 922-3874
E-MAIL: RCOCCO @ EROLS.COM

*Via Certified Mail*

December 20, 2007

Deutsche Bank National Trust Co. as trustee of
Amerqiuest Mortgage Securities Inc.
505 City Parkway, Suite 100
Orange, CA 92865

Aseem Mital, CEO
AMERIQUEST MORTGAGE COMPANY
1100 Town and Country Road, Suite 1200
Orange, CA 92868

**Re:   George Plummer, 249 Osborne Ave., Morrisville, PA 19067-1131
       Loan #0130908825
       Closing date: 1/18/05**

Dear Sir/Madam:

I represent George Plummer in connection with the above noted loan. The purpose of this letter is to advise you that pursuant to 15 U.S.C. 1635 of the Federal Truth In Lending Act, my client is rescinding his loan. The right to rescind still exists at this time because Ameriquest failed to calculate the finance charge for the transaction within the tolerance permitted by 15 U.S.C. §1635(i). This miscalculation arises from neglect of a large title insurance premium overcharge which failed to give him a refinance discount under TIRBOP.

In view of this rescission of the loan, Ameriquest and Deutsche Bank's obligation under the Truth in Lending Act and Regulation Z is to return to my client any money that he has paid on this transaction, whether to Ameriquest, Citi Residential Lending or Deutsche Bank or to any other party in connection with this loan and to take any action necessary to cancel the security interest taken or retained on their residence in connection with this loan. Further, my client is not liable for any finance charge in this transaction. Once Ameriquest and Deutsche Bank have performed its obligations under the act, my client will undertake to perform his obligation.

Please note that in accordance with the federal statute at issue in this case, if Ameriquest and/or Deutsche Bank fails to rescind this loan within twenty (20) days from the date of this notice, Ameriquest and Deutsche Bank will be responsible for the payment of my

client's attorney fees and costs associated with filing a federal action for rescission and damages.

Thank you.

Sincerely,


ROBERT P. COCCO
RPC/mc
*Attachments (1)*

cc:     *Plummer*


*RRR 7006 2760 0004 9669 7199*

## ADDENDUM

| Finance Charge | Description |
|---:|---|
| 6,809.55 | Loan Discount |
| 626 | Lender processing fee |
| 360 | Application fee |
| 239 | Administration fee |
| 70 | Tax related search fee |
| 9 | Flood search fee |
| 224.70 | Interest |
| 250 | Settlement fee |
| 331.45 | Failure to give title premium discount |
| 64.00 | Courier fee |
| 40 | Tax certification, free in Phila Cty. |
| **9,023.70** | **Total** |
| | |
| **9,023.70** | |
| -8,817.25 | **underdisclosed finance charge** |
| 206.45 | > $35.00 error tolerance = TILA violation |

Case 1:08-cv-04544  Document 1  Filed 04/28/2008  Page 9 of 10

**ACC**

February 7, 2008

Via Facsimile (215) 922-3874 and U.S. Mail

Robert P. Coco, P.C.
437 Chestnut St., Ste 1006
Philadelphia, PA 19106

Re:  Borrowers:                              George Plummer
     Ameriquest Loan Number Ending In:       0106553308
     Property Address:                       249 Osborne Ave.
                                             Morisville, PA

Dear Mr. Coco:

This letter is in response to your correspondence dated January 17, 2008 which purports to rescind the loan referenced above on the basis that Ameriquest Mortgage Company ("Ameriquest") did not comply with the Truth in Lending Act.

Please note that ACC Capital Holdings is the parent company of Ameriquest Mortgage Company and is responding on their behalf.

Our review of your client's transaction confirms that all material disclosures were accurately provided to your client and that he executed the Lender's copy of the *Notice of Right to Cancel* to acknowledge receipt of two (2) completed copies of the document. Accordingly, we respectfully deny your client's rescission request.

We trust that this responds to your concerns.

Sincerely,

Gus McDaniel
ACC Legal Department

Cc: Deutsche Bank National Trust Co. (*via U.S. Mail*)