## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE PLUMMER | : | |
| Plaintiff | : | |
| | : | |
| v. | : | No. 08-cv-2002 |
| | : | |
| WM SPECIALTY MORTGAGE, LLC | : | |
| AS TRUSTEE | : | |
| Defendant | : | |

### ORDER

AND NOW, this _____ day of _____, 2008, upon consideration

of Defendant WM Specialty Mortgage, LLC's (**"Defendant"**) Motion to Stay, and any response

thereto, it is hereby **ORDERED** that:

1.    the Motion is **GRANTED**; and

2.    Defendant's request for a temporary stay pending the decision of the United

States Judicial Panel on Multidistrict Litigation's decision to transfer this case to *In re:*

*Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, Multidistrict Litigation

Docket No. 1715, is hereby **GRANTED**.

**BY THE COURT:**

_____
                                                           **J.**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE PLUMMER** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **No. 08-cv-2002** |
| | : | |
| **WM SPECIALTY MORTGAGE, LLC** | : | |
| **AS TRUSTEE** | : | |
| **Defendant** | : | |

## <u>DEFENDANT'S MOTION TO STAY</u>

Defendant, WM Specialty Mortgage, LLC (**"Defendant"**), by its attorneys, hereby moves the Court to stay this action pending resolution of the transfer of this matter to *In re: Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, Multidistrict Litigation Docket No. 1715, and in support hereof relies upon the attached Memorandum of Law which is incorporated herein by reference.

Respectfully submitted,

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

By: ___/s/ Michael P. Coughlin_____

MICHAEL P. COUGHLIN, ESQUIRE
PARKER V. SHERRY, ESQUIRE
Attorney I.D. Nos. 43793, 203572
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422
Telephone: (610) 941-2456
Facsimile: (610) 684-2009
mcoughlin@kaplaw.com
Attorneys for Defendant, WM Specialty Mortgage LLC

**Dated: July 25, 2008**

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEORGE PLUMMER                          :
           **Plaintiff**              :
                           :

      **v.**                             :          No. 08-cv-2002
                           :

WM SPECIALTY MORTGAGE, LLC              :
AS TRUSTEE                              :
           **Defendant**             :

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STAY

### I.    INTRODUCTION

On April 28, 2008, Plaintiff, George Plummer (**"Plaintiff"**), commenced this action against Deutsche Bank National Trust Co. (**"Deutsche Bank"**) as Trustee by having a summons issued and by filing a complaint against Deutsche Bank. On May 14, 2008, Plaintiff filed an amended complaint (**"Complaint"**)[1] against Washington Mutual Bank (**"Washington Mutual"**) as Trustee, and issued a summons as to Washington Mutual on May 15, 2008. On July 6, 2008, Plaintiff and Defendant WM Specialty Mortgage, LLC (**"Defendant"**), filed a stipulation to substitute party defendant whereby Washington Mutual was dismissed from this action and Defendant was substituted in Washington Mutual's stead, since Defendant is the current holder of the mortgage loan at issue. By Order dated July 7, 2008, the Court approved this stipulation. On July 25, 2008, Defendant filed its Answer to Plaintiff's Complaint with Affirmative Defenses (**"Answer"**)[2].

Defendant now moves this Honorable Court to issue a temporary stay pending the United States Judicial Panel on Multidistrict Litigation's (**"MDL"**) decision to transfer this lawsuit to *In*

---

[1] A true and correct copy of the Complaint, including Exhibits, is attached as **Exhibit "1"**.

[2] A true and correct copy of the Answer is attached as **Exhibit "2"**.

*re: Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, MDL Docket No. 1715. Defendant is a related entity to Ameriquest Mortgage Company (**"Ameriquest"**), the party at issue in the MDL.

## II.    BACKGROUND

### A.    The Allegations in the Complaint

The Complaint alleges that Plaintiff owns and resides at 249 Osborne Avenue, Morrisville, Pennsylvania, 19067 (the **"Property"**). *See* Exhibit "1", ¶ 3. According to the Complaint, Ameriquest is a "'subprime' consumer finance company which was formerly engaged in the business of originating and servicing high-cost, high-risk home equity mortgages throughout the United States". *See* Exhibit "1", ¶ 4. The Complaint alleges that Defendant is Trustee for a trust known as "Ameriquest Mortgage Securities, Inc., Asset Backed Pass Through Certificates, Series 2005-R8." *See* Exhibit "1", ¶ 5.

The Complaint alleges that on or about January 25, 2005, Ameriquest closed a $165,000 refinancing loan with Plaintiff. *See* Exhibit "1", ¶ 6. According to the Complaint, certain fees were improperly excluded from the finance charge calculation of the HUD-1 and there was a failure to disclose the loan's true charges under the Truth in Lending Act, 15 U.S.C.A. §§ 1601 et seq. (**"TILA"**). *See* Exhibit "1", ¶ 13.

On January 17, 2008, Plaintiff's counsel wrote a letter addressed to "Deutsche Bank National Trust Co. as trustee of Ameriquest Mortgage Securities Inc." and "Aseem Mital, CEO, AMERIQUEST MORTGAGE COMPANY". *See* Exhibit "1", ¶ 14 and Exhibit "1", Exhibit "A". In the January 17, 2008 letter, Plaintiff's counsel advised Ameriquest that Plaintiff sought to rescind the loan. *See* Exhibit "1", Exhibit "A". The January 17, 2008 letter provided in part that:

2

"Ameriquest failed to calculate the finance charge for the transaction within the tolerance permitted by 15 U.S.C. § 1635(i). This miscalculation arises from neglect of a large title insurance premium overcharge which failed to give [Plaintiff] a refinance discount under [the Title Insurance Rating Bureau of Pennsylvania].

In view of this rescission of the loan, Ameriquest and Deutsche Bank's obligation under the Truth in Lending Act and Regulation Z is to return to my client any money that he has paid on this transaction, whether to Ameriquest, Citi Residential Lending or Deutsche Bank or to any other party in connection with this loan and to take any action necessary to cancel the security interest taken or retained on [Plaintiff's] residence in connection with this loan. Further, [Plaintiff] is not liable for any finance charge in this transaction. Once Ameriquest and Deutsche Bank have performed its obligations under the act, [Plaintiff] will undertake to perform his obligation.

Please note that in accordance with the federal statute at issue in this case, if Ameriquest and/or Deutsche Bank fails to rescind this loan within twenty (20) days from the date of this notice, Ameriquest and Deutsche Bank will be responsible for the payment of [Plaintiff's] attorney fees and costs associated with filing a federal action for rescission and damages."

*See* Exhibit "1", Exhibit "A".

On or about February 7, 2008, ACC Capital Holdings responded to the January 17, 2008 letter and denied Plaintiff's rescission request. *See* Exhibit "1", ¶ 15 and Exhibit "1", Exhibit "B". The February 7, 2008 letter explains that "ACC Capital Holdings is the parent company of Ameriquest Mortgage Company and is responding on their behalf." *See* Exhibit "1", Exhibit "B".

The Complaint purports to allege a "TILA RESCISSION" cause of action. According to the Complaint, "Ameriquest failed to deliver all 'material' disclosures required by TILA for reasons including but not limited to failing to provide a Truth in Lending disclosure at closing which accurately disclosed the loan's finance charge as required by 15 U.S.C. § 1635(i)." *See* Exhibit "1", ¶ 17. The Complaint alleges that "Ameriquest failed to deliver the aforesaid

3

'material' disclosures required by TILA as indicated herein by failing to complete the rescission date on the notices." *See* Exhibit "1", ¶ 18.[3]   The Complaint alleges that if Ameriquest transferred its interest in the loan to Defendant, Defendant would be liable under the TILA for complying with Plaintiff's rescission request. *See* Exhibit "1", ¶ 19.   Finally, the Complaint contains an *ad damnum* clause with Plaintiff's requested remedies. *See* Exhibit "1", ¶ 20.

    **B.**    ***In re: Ameriquest Mortgage Co. Mortgage Lending Practices Litigation,***
           **MDL Docket No. 1715**

On or about July 1, 2005, plaintiffs in *Cheryl Williams and Duvall Naughton, et al. v. Ameriquest Mortgage Company*, Civil Action No. 1:05-6189 (S.D.N.Y.), filed a Motion to Transfer for Coordination and/or Consolidation Pursuant to 28 U.S.C. § 1407 (**"Transfer Motion"**), seeking transfer of their action and the following four other actions for coordinated or consolidated pretrial proceedings: *Burggraff, et al. v. Ameriquest Capital Corporation, et al.*, Civil Action No. 2:04-9715 (C.D. Cal.); *Knox, et al. v. Ameriquest Mortgage Company, et al.*, Civil Action No. 3:05-240 (N.D. Cal.); *Murphy, et al. v. Ameriquest Mortgage Company*, Civil Action No. 1:04-12651 (D. Mass.); and *Latonya Williams, et al. v. Ameriquest Mortgage Company*, Civil Action No. 8:05-1036 (M.D. Fla.).

On December 13, 2005, the MDL Panel issued a Transfer Order (**"December 13, 2005 Transfer Order"**)[4] transferring all five actions identified in the Transfer Motion to the Transferee Court pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings.   In the December 13, 2005 Transfer Order, the MDL Panel concluded that

---

[3] Plaintiff appears to have inadvertently numbered Paragraph 18 as Paragraph 13, Paragraph 19 as Paragraph 16, and Paragraph 20 as Paragraph 17. *See* Exhibit "1", p. 4.   Defendant has properly renumbered those Paragraphs in the instant Memorandum of Law.

[4] A true and correct copy of the December 13, 2005 Transfer Order is attached as **Exhibit "3"**.

centralization of the actions concerning allegedly predatory lending practices of Ameriquest or

related entities was appropriate based on judicial economy concerns:

> "the Panel finds that these five actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All five actions before the Panel concern allegedly predatory lending practices by Ameriquest Mortgage Co., or a related entity, in soliciting and closing residential mortgage transactions; among other things, plaintiffs allege that Ameriquest failed to disclose material terms and engaged in so-called bait-and-switch tactics. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary."

*See* Exhibit "3", p. 1-2. The MDL Panel transferred and assigned those cases to the Honorable

Marvin E. Aspen of the Northern District of Illinois. *In re: Ameriquest Mortgage Co. Mortgage*

*Lending Practices Litigation* has since been assigned MDL Docket No. 1715.

As of July 14, 2008, the "Distribution of Pending MDL Dockets"[5] indicates that there are

four hundred seventy-five (475) total actions that have been designated under *In re: Ameriquest*

*Mortgage Co. Mortgage Lending Practices Litigation*, MDL Docket No. 1715, with four

hundred sixty-five (465) actions pending.

By letter dated June 9, 2008[6], counsel for Ameriquest identified four (4) additional "Tag

Along" actions, including this case, to the five hundred fifty-eight (558) potential "Tag Along"

actions Ameriquest had previously identified in *In re: Ameriquest Mortgage Co. Mortgage*

*Lending Practices Litigation*, MDL Docket No. 1715.

---

[5] A true and correct copy of the pertinent pages of the Distribution of Pending MDL Dockets are attached as **Exhibit "4"**.

[6] A true and correct copy of the June 9, 2008 letter is attached as **Exhibit "5"**.

On June 30, 2008, the MDL Panel issued its forty-sixth (46th) Conditional Transfer Order

(CTO-46) (**"June 30, 2008 Conditional Transfer Order"**)[7].  The June 30, 2008 Conditional

Transfer Order conditionally transferred the instant matter to *In re: Ameriquest Mortgage Co.*

*Mortgage Lending Practices Litigation*, MDL Docket No. 1715 due to "questions of fact that are

common to the actions previously transferred".  *See* Exhibit "6".  The June 30, 2008 Conditional

Transfer Order provided in part:

> "[o]n December 13, 2005, the Panel transferred five civil actions to
> the United States District Court for the Northern District of Illinois
> for coordinated or consolidated pretrial proceedings pursuant to 28
> U.S.C. § 1407.  *See* 408 F.Supp.2d 1354 (J.P.M.L. 2005).  Since
> that time, 319 additional actions have been transferred to the
> Northern District of Illinois.  With the consent of that court, all
> such actions have been assigned to the Honorable Marvin E.
> Aspen.
>
> It appears that the actions on this conditional transfer order involve
> questions of fact that are common to the actions previously
> transferred to the Northern District of Illinois and assigned to
> Judge Aspen.
>
> Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial
> Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001),
> these actions are transferred under 28 U.S.C. § 1407 to the
> Northern District of Illinois for the reasons stated in the order of
> December 13, 2005, and, with the consent of that court, assigned to
> the Honorable Marvin E. Aspen."

*See* Exhibit "6".  The instant action is identified in the Schedule of the June 30, 2008 Conditional

Transfer Order.  *See* Exhibit "6".

## III.    ARGUMENT

### A.    The MDL's Governing Law

Defendant is required to seek removal of this lawsuit to *In re: Ameriquest Mortgage Co.*

*Mortgage Lending Practices Litigation*, MDL Docket No. 1715 under the MDL Rules of

---

[7] A true and correct copy of the June 30, 2008 Conditional Transfer Order is attached as **Exhibit "6"**.

Procedure.  Specifically, MDL Rule 1.1 states that "[a] 'tag-along action' refers to a civil action pending in a district court and involving common questions of fact with actions previously transferred" under 28 U.S.C. § 1407.

MDL Rule 7.5(e) provides that "[a]ny party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential 'tag-along actions' in which that party is also named or in which that counsel appears."  Under the MDL Rules of Procedure, counsel for Ameriquest in *In re: Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, MDL Docket No. 1715 has properly identified the instant matter as a potential tag-along action and has designated its removal to *In re: Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, MDL Docket No. 1715.

28 U.S.C.A. § 1407, entitled "Multidistrict Litigation", specifies how the MDL Panel operates, and emphasizes the significance of judicial economy in proceedings.  Section 1407 provides in pertinent part that:

> "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.  Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."

28 U.S.C.A. § 1407(a).

The MDL Panel evaluates each group of cases proposed for multidistrict treatment on its own facts in light of the statutory criteria, mindful that the objective is to eliminate duplication and discovery, avoid conflicting rulings and schedules, reduce litigation costs, and save time and

7

effort on the part of the parties, the attorneys, the witnesses, and the judiciary. *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 491-93 (Jud. Pan. Mult. Lit. 1968).

If the requisite common questions of fact exist, the mere fact that different legal theories are asserted in the actions to be transferred is not a bar to transfer. *In re Deep Vein Thrombosis Litigation*, 323 F. Supp. 2d 1378, 1380 (Jud. Pan. Mult. Lit. 2004). In fact, the *In re Deep Vein Thrombosis Litigation* Court concluded that 28 U.S.C.A. § 1407 does not even require a "majority of common factual and legal issues as a prerequisite". *Id.* As that Court noted:

> "the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Notwithstanding differences among the actions in terms of named defendants, legal theories of recovery and/or types of injury alleged, all actions remain rooted in complex core questions concerning whether various aspects of airline travel cause, or contribute to, the development of deep vein thrombosis in airline passengers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings (on jurisdictional issues and other matters), and conserve the resources of the parties, their counsel and the judiciary.
>
> Opponents premise their objection to centralization on the ground that each action involves unique factual issues. We note that Section 1407 does not require a complete identity or even majority of common factual and legal issues as a prerequisite to centralization. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 173 F.Supp.2d 1377 (Jud. Pan. Mult. Lit. 2001). We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (Jud. Pan. Mult. Lit. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties."

*Id.*

IMAN_BB 1339014v1

Additionally, the discretion vested in the MDL Panel to transfer actions "is not encumbered by considerations of venue." *In re Peanut Crop Ins. Litigation*, 342 F. Supp. 2d 1353, 1354 (Jud. Pan. Mult. Lit. 2004).

### B.    Legal Authority Governing a Motion to Stay

"A court's authority to stay actions is incidental to its power to dispose of cases so as to promote their fair and efficient adjudication." *Dimensional Music Publishing, LLC v. Kersey ex rel. Estate of Kersey*, 448 F.Supp.2d 643, 655 (E.D. Pa. 2006) (quotations omitted). A district court has "broad discretionary power to stay proceedings." *Id.*; *see also Commonwealth of Pennsylvania v. Tap Pharmaceutical Products, Inc.*, 415 F.Supp.2d 516, 521, n. 2 (E.D. Pa. 2005) ("[a] federal court has the inherent power to stay a proceeding").

In determining whether to stay an action, a court must weigh the competing interests of the parties, as well as the possibility that a stay would harm one of the parties. *Kersey*, 448 F.Supp.2d at 655. In evaluating a stay, courts examine a number of factors, including the interest, potential prejudice, and burden on the parties; the burden on the Court; the burden as to any non-parties; and the public interest. *In re Residential Doors Antitrust Litigation*, 900 F.Supp. 749, 756 (E.D. Pa. 1995). Courts are especially mindful of judicial economy concerns. "Courts must consider the time and effort of counsel and the litigants with a view toward a policy of avoiding piecemeal litigation." *Stadler v. McCulloch*, 882 F.Supp. 1524, 1527 (E.D. Pa. 1995).

### C.    Courts Frequently Grant Stays and Defer to the MDL Transferee Court during the Pendency of a Request to Transfer the Action

The decision whether to grant a stay during the pendency of a request to the MDL Panel to transfer the action for coordinated or consolidated pretrial proceedings rests within the district court's discretion. *Rutherford v. Merck & Co., Inc.*, 428 F.Supp.2d 842, 845 (S.D. Ill. 2006).

IMAN_BB 1339014v1

Courts have recognized that "[o]ften, deference to the MDL court... provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F.Supp.2d 1049, 1053 (N.D. Cal. 2004); *see also Bernstine v. Merck & Co., Inc.*, 2007 WL 117589, at *1 (E.D. Cal. 2007) (citing *Conroy*) ("a stay, and deference to the MDL transferee court, is particularly appropriate when the parties contest issues that are 'likely to arise in other actions pending' in the consolidated proceedings"); *Bonenfant v. R.J. Reynolds Tobacco Co.*, 2007 WL 2409980, at *1 (S.D. Fl. 2007) ("[i]It is common practice for courts to stay an action pending a transfer decision by the [MDL Panel]...Courts commonly stay such actions because a stay pending the [MDL Panel's] decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well") (citations, quotations omitted).

District courts routinely stay actions pending transfer to the MDL Panel. *See Adams v. Tyson Foods, Inc.*, 2007 WL 1539325, at *1 (W.D. Ark. 2007) (staying case upon satisfaction that defendant demonstrated a "good cause" for motion to stay); *see also Schering Corp. v. Caraco Pharmaceutical Labs., Ltd.*, 2007 WL 1648908, at *3 (E.D. Mich. 2007) (staying case pending a final determination by the MDL Panel regarding consolidation of cases); *Anderson v. Merck & Co. Inc.*, 417 F.Supp.2d 842, 849 (E.D. Ky. 2006) (defendants' motion to stay case pending a transfer to the MDL Panel would serve judicial economy purposes); *Azar v. Merck & Co., Inc.*, 2006 WL 3086943, at *1 (N.D. Ind. 2006) (staying matter due to "considerations of judicial economy"); *Smith v. Mail Boxes, Etc.*, 191 F.Supp.2d 1155, 1162 (E.D. Cal. 2002) (staying proceedings pending determination by the MDL Panel on a transfer of the action); *Weinke v. Microsoft Corp.*, 84 F.Supp.2d 989, 990 (E.D. Wis. 2000) (staying action pending the

10

MDL Panel's transfer decision after finding that a stay would serve the interests of judicial economy and avoid inconsistent results in multiple venues); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 48 F.Supp.2d 37, 43 (D.D.C. 1999) (granting stay of proceedings pending decision on transfer by MDL Panel in order to promote judicial economy and eliminate potential of conflicting pretrial rulings if case ultimately is transferred); *Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804, 809 (N.D. Cal. 1998) (granting defendant's motion to stay proceedings pending final decision on transfer by MDL Panel).

District courts also routinely stay actions pending the decision of the MDL Panel on whether to transfer actions as "tag-along" cases. *See Cline v. Merck & Co.*, 2006 WL 1409555, at *2 (E.D. Cal. 2006); *see also Toppins v. 3M Co.*, 2006 WL 12993, at *1-2 (E.D. Mo. 2006); *Jackson v. Merck & Co.*, 2006 WL 448695, at *1-2 (W.D. Tenn. 2006); *Mirabile v. Blue Cross & Blue Shield of Kansas City, Inc.*, 2005 WL 1593661, at *1-2 (D. Kan. 2005).

### D.    A Stay in this Action Is Warranted

Good cause exists such that Defendant's Motion to Stay should be granted. The central issues in this case are entirely similar and consistent with the cases that have already been transferred to *In re: Ameriquest Mortgage Co. Mortgage Lending Practices*, MDL Docket No. 1715. As noted above, as of May 13, 2008, the MDL Panel's dockets indicate that there are 475 total actions under *In re: Ameriquest Mortgage Co. Mortgage Lending Practices*, MDL Docket No. 1715 with 465 actions still pending. Ameriquest has already designated in excess of 558 potential "Tag Along" actions, including the case at bar.

As the *In re Deep Vein Thrombosis Litigation* Court concluded, a transfer of a case does not even require a "majority of common factual and legal issues as a prerequisite". 323 F. Supp. 2d at 1380. Notwithstanding that caselaw confirms that not even a majority of common factual

11

and legal issues are necessary, the allegations in the Complaint raise precisely the kinds of legal and factual issues specified in the December 13, 2005 Transfer Order. The December 13, 2005 Transfer Order provided that the actions "concern allegedly predatory lending practices by Ameriquest Mortgage Co., or a related entity, in soliciting and closing residential mortgage transactions; among other things, plaintiffs allege that Ameriquest failed to disclose material terms and engaged in so-called bait-and-switch tactics." *See* Exhibit "3", p. 1-2. The allegations in the Complaint are identical to the allegations in the cases that have already been transferred to *In re: Ameriquest Mortgage Co. Mortgage Lending Practices*, MDL Docket No. 1715. Namely, the Complaint purports to allege a rescission action under TILA, specifically alleging that:

- Ameriquest is a "'subprime' consumer finance company which was formerly engaged in the business of originating and servicing high-cost, high-risk home equity mortgages throughout the United States"; *see* Exhibit "1", ¶ 4;

- Defendant is Trustee for an Ameriquest trust; *see* Exhibit "1", ¶ 5;

- Ameriquest closed a refinancing loan with Plaintiff; *see* Exhibit "1", ¶ 6;

- certain fees were improperly excluded from the finance charge calculation from the HUD-1 and there was a failure to disclose the loan's true charges under TILA; *see* Exhibit "1", ¶ 13;

- Plaintiff's counsel wrote a letter to Ameriquest seeking to rescind the loan and Ameriquest failed to properly calculate the finance charge under TILA; *see* Exhibit "1", ¶ 13, Exhibit "1", Exhibit "A";

- Ameriquest failed to deliver all material disclosures required by TILA including a failure to provide a TILA disclosure at closing which accurately disclosed the loan's finance charge; *see* Exhibit "1", ¶ 17; and

- Ameriquest failed to deliver the material disclosures required by TILA by failing to complete the rescission date on the notices; *see* Exhibit "1", ¶ 18.

The gravamen of Plaintiff's Complaint is Ameriquest's failure to disclose material terms in connection with a residential mortgage transaction, which is precisely what has been and

IMAN_BB 1339014v1

continues to be at issue in *In re: Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, MDL Docket No. 1715. The June 30, 2008 Conditional Transfer Order properly determined that "the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred" to MDL Docket No. 1715. *See* Exhibit "6".

Good cause further exists to stay the instant matter because a stay in this action pending the MDL Panel's decision preserves judicial resources. In *American Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at \*2 (E.D. Pa. 1992), the Court noted that "duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay." In the instant matter, a stay is appropriate and deference should be given to the MDL transferee court because the parties will undoubtedly contest issues that have arisen in *In re: Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, MDL Docket No. 1715 such as Ameriquest's "allegedly predatory lending practices" and Ameriquest's alleged "fail[ure] to disclose material terms and engag[ing] in so-called bait-and-switch tactics." *See* Exhibit "3", p. 2. Thus, the grant of a stay would undoubtedly address the judicial economy issues outlined in the December 13, 2005 Transfer Order, including eliminating duplicative discovery, preventing inconsistent pretrial rulings, and conserving the resources of the parties, their counsel, and the judiciary. *See* Exhibit "3", p. 2.

The timing of Defendant's Motion to Stay is another factor that makes a stay appropriate in the case at bar. Plaintiff recently commenced this action on April 28, 2008, filed an amended complaint on May 14, 2008, and obtained this Court's approval to substitute Defendant on July 7, 2008. Defendant filed its Answer on July 25, 2008 -- the same date as the instant Motion. No discovery has been undertaken in connection with the case at bar.

13

With respect to the prejudice component that a court evaluates in whether or not to grant a stay, courts do not permit "cursory allegations of prejudice" to outweigh the disadvantages of litigating similar cases in a multitude of venues. *Weinke*, 84 F.Supp.2d at 990. At best, Plaintiff could only attempt to create such cursory allegations of prejudice. In fact, because Plaintiff has done nothing more in this case to date other than filing its Complaint and substituting Defendant as the proper holder of the mortgage loan, no prejudice to Plaintiff will occur should this Court enter a stay.

This Court, after evaluating the considerations that courts take into account when determining whether to grant a stay, should conclude that that a stay in this action is warranted.

## IV.    **CONCLUSION**

For all of the foregoing reasons, Defendant, WM Specialty Mortgage LLC, respectfully requests that the Court grant Defendant's Motion and issue a temporary stay pending the MDL Panel's decision to transfer this lawsuit to *In re: Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, MDL Docket No. 1715.

Respectfully submitted,

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

By: ___/s/ Michael P. Coughlin_____
MICHAEL P. COUGHLIN, ESQUIRE
PARKER V. SHERRY, ESQUIRE
Attorney I.D. Nos. 43793, 203572
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422
Telephone: (610) 941-2456
Facsimile: (610) 684-2009
mcoughlin@kaplaw.com
Attorneys for Defendant, WM Specialty Mortgage LLC

**Dated: July 25, 2008**

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of "Defendant's Motion to Stay", along with accompanying Memorandum of Law, was caused to be served electronically by the undersigned, on the date stated below, to the addressee stated below and at the address stated below:

Robert P. Cocco, Esquire
Robert P. Cocco, P.C.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

**By:**    /s/ Michael P. Coughlin
MICHAEL P. COUGHLIN, ESQUIRE

**Dated: July 25, 2008**

**EXHIBIT "1"**

FILED MAY 1 4 2008

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

GEORGE PLUMMER

        Plaintiff,             :

      v.

WASHINGTON MUTUAL BANK        :     Civil Action No.: 08-2002
AS TRUSTEE

        Defendant.

### COMPLAINT

**A.**    **Jurisdiction and Venue**

    1.    Jurisdiction over this matter is conferred upon this Court by the Truth in Lending Act (hereinafter "TILA"), 15 U.S.C. §1640(e), and 28 U.S.C. §§ 1331. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a).

    2.    Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.**    **Parties**

    3.    Plaintiff George Plummer is an individual who resides at and owns the property at 249 Osborne Ave., Morrisville, Pennsylvania 19067 [hereinafter "the property"].

    4.    Ameriquest Mortgage Company ("Ameriquest") is a "subprime" consumer finance company which was formerly engaged in the business of originating and servicing high-cost, high-risk home equity mortgages throughout the United States, including the Commonwealth of Pennsylvania, with a place of business at 1000 Town and Country Road, Suite 1200, Orange, CA 92868.

    5.    Defendant Washington Mutual is a corporation [hereinafter "WAMU"] is Trustee for a trust, which, upon information and belief, is known as Ameriquest Mortgage Securities, Inc., Asset Backed Pass Through Certificates, Series 2005-R8. WAMU's address for its principal offices is 1400

South Douglass Road, Suite 100, Anaheim, CA 92806.   Defendant WAMU is sued in its capacity as

trustee.

6.    Defendant is a creditor within the meaning of TILA.


C.    **Factual Allegations**

7.    On or about January 25, 2005, Ameriquest closed a $165,000 refinancing loan with

plaintiff.

8.    Prior to entering into the loan hereinafter described, plaintiff had taken a mortgage on the

property on December 13, 2002 within three (3) years of the date of refinancing hereafter described.

9.    Plaintiff's loan with defendant Ameriquest financed a policy of title insurance issued by

Stewart Title Company.

10.    Pursuant to 40 P.S. §741, Stewart Title is authorized to issue title insurance in the

Commonwealth of Pennsylvania pursuant to the Title Insurance Rating Bureau of Pennsylvania

(TIRBOP).

11.    Stewart's agent for closing of the loan, New Vision PA Land Transfer (hereinafter "New

Vision"), is also regulated by the aforesaid statute.  TIRBOP publishes a regulations manual setting forth

the purpose and amount of fees that one of its member companies is permitted to charge in connection

with issuance of a title policy.

12.    New Vision and Stewart violated the TIRBOP manual by charging plaintiff fees in excess

of those permitted which, at a minimum, included failing to give plaintiff an 80% reissue rate discount

under Sec. 5.6 of TIRBOP which applies to refinancings within less than 3 years of the insured loan.

Accordingly, plaintiff was overcharged for the title policy by over $300.00.

2

13.     In addition to the aforesaid overcharge, other fees were improperly excluded from the finance charge calculation from the HUD1 as described below thereby failing to disclose the loan's true charges under TILA.

14.     On or about January 17, 2008, plaintiff advised defendant by letter that he was rescinding the loan (see Ex. "A").

15.     Defendant WAMU's servicer for the loan pool which includes plaintiff's mortgage loan responded on February 7, 2008 that it would not rescind the loan (see Ex. "B").


## Cause of Action - TILA RESCISSION

16.     The loan was a residential mortgage loan subject to the Plaintiff's right of rescission as described by TILA, 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).

17.     Defendant Ameriuqest failed to deliver all "material" disclosures required by TILA for reasons including but not limited to failing to provide a Truth in Lending disclosure at closing which accurately disclosed the loan's finance charge as required by 15 U.S.C. §1635(i):

| Finance Charge | Description |
|---------------:|-------------|
| 6,809.55 | Loan Discount |
| 626 | Lender processing fee |
| 360 | Application fee |
| 239 | Administration fee |
| 70 | Tax related search fee |
| 9 | Flood search fee |
| 224.70 | Interest |
| 250 | Settlement fee |
| 331.45 | Failure to give title premium discount |
| 64.00 | Courier fee |
| 40 | Tax certification, free in Phila Cty. |
| 9,023.70 | Total |

3

| | |
|---|---|
| **9,023.70** | |
| -8,817.25 | **underdisclosed finance charge** |
| 206.45 | > $35.00 error tolerance = TILA violation |

13.  Defendant Ameriquest failed to deliver the aforesaid "material" disclosures required by TILA as indicated herein by failing to complete the rescission date on the notices.

16.  To the extent that Ameriquest transferred its interest in the loan to defendant WAMU, 15 U.S.C. § 1641(c) renders defendant WAMU liable for complying with rescission.

17.  As a result of the violations of TILA, pursuant to 15 U.S.C. §§1635(a) and 1640(a), Defendants are liable to Plaintiff for:

a)  rescission of this transaction, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed by Defendant;

b)  termination of any security interest in Plaintiff's property created under the transaction;

c)  return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

d)  statutory damages of $2,000 for failure to rescind pursuant to the requirements of 15 U.S.C. §1635(b);

e)  actual damages in an amount to be determined at trial;

f)  an award of reasonable attorney's fees and costs.

Dated: <u>May 13, 2008</u>                    <u>/s/ RC935</u>
                                    ROBERT P. COCCO, P.C.
                                    Attorney for Plaintiff, Pa. Id. No. 61907
                                    1500 Walnut Street, Suite 900, Philadelphia, PA 19102
                                    215-351-0200

4

LAW OFFICES OF
ROBERT P. COCCO, P.C.

437 CHESTNUT STREET, SUITE 1006
PHILADELPHIA, PENNSYLVANIA 19106

(215) 351-0200
FAX: 922-3874
E-MAIL: RCOCCO @ EROLS.COM

*Via Certified Mail*

December 20, 2007

Deutsche Bank National Trust Co. as trustee of
Ameriquest Mortgage Securities Inc.
505 City Parkway , Suite 100
Orange, CA 92865

Aseem Mital, CEO
AMERIQUEST MORTGAGE COMPANY
1100 Town and Country Road, Suite 1200
Orange, CA 92868

**Re:    George Plummer, 249 Osborne Ave., Morrisville, PA 19067-1131**
**Loan #0130908825**
**Closing date: 1/18/05**

Dear Sir/Madam:

I represent George Plummer in connection with the above noted loan. The purpose of this letter is to advise you that pursuant to 15 U.S.C. 1635 of the Federal Truth In Lending Act, my client is rescinding his loan. The right to rescind still exists at this time because Ameriquest failed to calculate the finance charge for the transaction within the tolerance permitted by 15 U.S.C. §1635(i). This miscalculation arises from neglect of a large title insurance premium overcharge which failed to give him a refinance discount under TIRBOP.

In view of this rescission of the loan, Ameriquest and Deutsche Bank's obligation under the Truth in Lending Act and Regulation Z is to return to my client any money that he has paid on this transaction, whether to Ameriquest, Citi Residential Lending or Deutsche Bank or to any other party in connection with this loan and to take any action necessary to cancel the security interest taken or retained on their residence in connection with this loan. Further, my client is not liable for any finance charge in this transaction. Once Ameriquest and Deutsche Bank have performed its obligations under the act, my client will undertake to perform his obligation.

Please note that in accordance with the federal statute at issue in this case, if Ameriquest and/or Deutsche Bank fails to rescind this loan within twenty (20) days from the date of this notice, Ameriquest and Deutsche Bank will be responsible for the payment of my

2

client's attorney fees and costs associated with filing a federal action for rescission and damages.

Thank you.

Sincerely,


ROBERT P. COCCO
RPC/mc
*Attachments (1)*

*cc:    Plummer*


*RRR 7006 2760 0004 9669 7199*

3

**ADDENDUM**

| Finance Charge | Description |
|---|---|
| 6,809.55 | Loan Discount |
| 626 | Lender processing fee |
| 360 | Application fee |
| 239 | Administration fee |
| 70 | Tax related search fee |
| 9 | Flood search fee |
| 224.70 | Interest |
| 250 | Settlement fee |
| 331.45 | Failure to give title premium discount |
| 64.00 | Courier fee |
| 40 | Tax certification, free in Phila Cty. |
| **9,023.70** | **Total** |
|  |  |
| **9,023.70** |  |
| -8,817.25 | **underdisclosed finance charge** |
| 206.45 | > $35.00 error tolerance = TILA violation |
|  |  |



February 7, 2008

Via Facsimile (215) 922-3874 and U.S. Mail

Robert P. Coco, P.C.
437 Chestnut St., Ste 1006
Philadelphia, PA 19106

Re:    Borrowers:                              George Plummer
       Ameriquest Loan Number Ending In:       0106553308
       Property Address:                       249 Osborne Ave.
                                               Morisville, PA

Dear Mr. Coco:

      This letter is in response to your correspondence dated January 17, 2008 which purports
to rescind the loan referenced above on the basis that Ameriquest Mortgage Company
("Ameriquest") did not comply with the Truth in Lending Act.

      Please note that ACC Capital Holdings is the parent company of Ameriquest Mortgage
Company and is responding on their behalf.

      Our review of your client's transaction confirms that all material disclosures were
accurately provided to your client and that he executed the Lender's copy of the *Notice of Right
to Cancel* to acknowledge receipt of two (2) completed copies of the document. Accordingly, we
respectfully deny your client's rescission request.

      We trust that this responds to your concerns.

Sincerely,

Gus McDaniel
ACC Legal Department


Cc:    Deutsche Bank National Trust Co. (*via U.S. Mail*)

**EXHIBIT "2"**

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE PLUMMER, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | No. 08-cv-2002 |
| | : | |
| WM SPECIALTY MORTGAGE, LLC | : | |
| AS TRUSTEE | : | |
| Defendant | : | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, WM Specialty Mortgage, LLC ("**WM Specialty**") hereby answers the Complaint of Plaintiff, George Plummer ("**Plaintiff**"), as follows:

### AS TO "JURISDICTION AND VENUE"

1-2.    Denied.  These are conclusions of law to which no responses are required.

### AS TO "PARTIES"

3.    Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted.

4.    Denied.  Ameriquest Mortgage Company ("**Ameriquest**") has a place of business at 1100 Town and Country Road, Suite 1200, Orange, CA 92868.  The remaining allegations are denied.

5.    Washington Mutual Bank has been dismissed from this action pursuant to a Stipulation of the parties and Court Order dated July 7, 2008.

6.    Denied.  This is a conclusion of law to which no response is required.

### AS TO "FACTUAL ALLEGATIONS"

7.    Denied.  Closing ("**Closing**") occurred on or about January 18, 2005.

8.      Admitted in part, denied in part.  It is admitted that Plaintiff executed a mortgage dated December 13, 2002.  The remaining allegations are denied.

9.      Denied.

10.     Denied.  This is a conclusion of law to which no response is required.

11.     Denied.  These are conclusions of law to which no response are required.

12-14.  Denied.

15.     Admitted in part, denied in part.  It is admitted that ACC Capital Holdings Corporation wrote a February 7, 2008 letter to Plaintiff's counsel and that a copy of that letter is attached as Exhibit "B" to the Complaint.  The remaining allegations are denied in that they seek to characterize the contents of that letter which is in writing and therefore speaks for itself.

### AS TO "CAUSE OF ACTION – TILA RESCISSION"

16-17.  Denied.  These are conclusions of law to which no responses are required.

13.     [numbered improperly by Plaintiff, should be "18"].  Denied.  This is a conclusion of law to which no response is required.

16.     [numbered improperly by Plaintiff, should be "19"].  Denied.  This is a conclusion of law to which no response is required.

17.     [numbered improperly by Plaintiff, should be "20"].  Denied.  This is a conclusion of law to which no response is required.

**WHEREFORE**, Defendant, WM Specialty Mortgage, LLC, respectfully requests the Court to enter judgment in its favor and against Plaintiff, George Plummer, plus reasonable attorneys' fees and costs of suit.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

21.    All paragraphs above are incorporated herein by reference.

22.    Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

23.    Plaintiff's claims against Defendant are barred or limited by the doctrines of waiver, estoppel or laches.

### THIRD AFFIRMATIVE DEFENSE

24.    Plaintiff's claims are barred or limited by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

25.    Plaintiff's claims are barred or limited by the doctrines of comparative negligence, contributory negligence, or assumption of the risk.

### FIFTH AFFIRMATIVE DEFENSE

26.    Plaintiff's claims are barred by the terms of the Mortgage and related documents executed at Closing.

### SIXTH AFFIRMATIVE DEFENSE

27.    Plaintiff's claims are barred because Plaintiff was provided with all material disclosures at Closing.

### SEVENTH AFFIRMATIVE DEFENSE

28.    Plaintiff's claims are barred because Plaintiff executed a copy of the Notice of Right to Cancel at Closing and has acknowledged receipt of that document.

IMAN_BB 1317975v1

## EIGHTH AFFIRMATIVE DEFENSE

29.     Plaintiff's claims are barred or limited by the provisions of the Truth in Lending

Act, 15 U.S.C. §1600 et seq.

## NINTH AFFIRMATIVE DEFENSE

29.     Plaintiff's claims are barred or limited by the rate regulations promulgated by the

Title Insurance Rating Bureau of Pennsylvania.

**WHEREFORE,** Defendant, WM Specialty Mortgage, LLC, respectfully requests the

Court to enter judgment in its favor and against Plaintiff, George Plummer, plus reasonable

attorneys' fees and costs of suit.

Respectfully submitted,

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

By: _____ /s/ Michael P. Coughlin _____
            MICHAEL P. COUGHLIN, ESQUIRE
            Attorney I.D. No. 43793
            Union Meeting Corporate Center
            910 Harvest Drive
            Blue Bell, PA  19422
            Telephone:  (610) 941-2456
            Facsimile:  (610) 684-2009
            mcoughlin@kaplaw.com
            Attorneys for Defendant, WM Specialty Mortgage LLC

Dated:  July 25, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a copy of "Defendant's Answer to Plaintiff's Complaint with Affirmative Defenses" was caused to be served electronically by the undersigned, on the date stated below, to the addressee stated below and at the address stated below:

Robert P. Cocco, Esquire
Robert P. Cocco, P.C.
1500 Walnut Street, Suite 900
Philadelphia, PA  19102

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**


By: _____ **/s/ Michael P. Coughlin** _____
MICHAEL P. COUGHLIN, ESQUIRE

Dated:  July 25, 2008

**EXHIBIT "3"**

1715

**RELEASED FOR PUBLICATION**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 3 2005

FILED
CLERK'S OFFICE

**DOCKET NO. 1715**

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation currently consists of one action each in the Central District of California, Northern District of California, Middle District of Florida, District of Massachusetts and Southern District of New York as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in the Southern District of New York action for coordinated or consolidated pretrial proceedings of these actions in the Central District of California. No plaintiff opposes the motion. Plaintiff in the Central District of California action initially opposed, but now supports, the motion for transfer to that district, along with plaintiffs in a potential tag-along action pending there.[2] Plaintiffs in the Northern District of California action support the motion; if the Panel does not order centralization in the Central District of California, these plaintiffs support transfer to any centrally located district with the resources to handle this litigation. Defendants Ameriquest Mortgage Co., Ameriquest Capital Corp. and Argent Mortgage Co. (collectively Ameriquest) oppose the motion.

On the basis of the papers filed and hearing session held, the Panel finds that these five actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All five actions before the Panel concern allegedly predatory lending practices by Ameriquest Mortgage Co., or a related entity, in soliciting and closing residential mortgage

---

[1] Four additional actions are pending two apiece in the Central District of California and Northern District of Illinois, and one related action each is in the Middle District of Florida and District of Minnesota. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Plaintiffs in one Northern District of Illinois related action initially opposed the motion as well, but withdrew their response because moving plaintiffs submitted a pleading expressly stating that they do not seek transfer of that action.

**OFFICIAL FILE COPY**

- 2 -

transactions; among other things, plaintiffs allege that Ameriquest failed to disclose material terms and engaged in so-called bait-and-switch tactics. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Ameriquest opposes the motion, in part, because plaintiffs seek redress under different legal theories and purport to represent varying putative classes. We find these contentions unpersuasive. Transfer under Section 1407 does not require a complete identity, or even majority, of common factual issues as a prerequisite to transfer and has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that allows discovery with respect to any individual issues to proceed concurrently with discovery on common issues. *See, e.g., In re Insurance Brokerage Antitrust Litigation*, 360 F.Supp. 2d 1371 (J.P.M.L. 2005). Indeed, the transferee court can employ any number of pretrial techniques, such as establishing separate discovery and/or motion tracks, to manage this litigation efficiently and to ensure that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions.

As suggested by the moving plaintiffs, the Panel initially considered transferring this litigation to the Central District of California; however, the judge assigned to the constituent action pending in that district expressed reluctance in light of her current caseload. The Panel has thus determined that the Northern District of Illinois is an appropriate transferee district for this litigation. Two actions involving the lending practices of Ameriquest are pending in this district. Also, this geographically central district will be a convenient location for a litigation already nationwide in scope.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Marvin E. Aspen for coordinated or consolidated pretrial proceedings in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

MDL-1715 -- In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation

### Central District of California

*Adolph Peter Kurt Burggraff v. Ameriquest Capital Corp., et al.,* C.A. No. 2:04-9715

### Northern District of California

*Nona Knox, et al. v. Ameriquest Mortgage Co., et al.,* C.A. No. 3:05-240

### Middle District of Florida

*Latonya Williams, et al. v. Ameriquest Mortgage Co.,* C.A. No. 8:05-1036

### District of Massachusetts

*Isabelle M. Murphy, et al. v. Ameriquest Mortgage Co.,* C.A. No. 1:04-12651

### Southern District of New York

*Cheryl Williams, et al. v. Ameriquest Mortgage Co.,* C.A. No. 1:05-6189

**EXHIBIT "4"**

# DISTRIBUTION OF PENDING MDL DOCKETS
## (AS OF JULY 14, 2008)

| District | Judge | Litigation | Actions Pending | Total Number of Actions |
|---|---|---|---|---|
| ARE | D.J. William R. Wilson, Jr. | MDL-1507 IN RE: Prempro Products Liability Litigation | 3,887 | 4,732 |
| ARW | D.J. Harry F. Barnes | MDL-1832 IN RE: Pilgrim's Pride Fair Labor Standards Act Litigation | 16 | 16 |
| AZ | D.J. Mary H. Murguia | MDL-1910 IN RE: Phoenix Licensing, L.L.C., Patent Litigation | 7 | 7 |
|  | Sr.J. Paul G. Rosenblatt | MDL-1541 IN RE: Allstate Insurance Co. Fair Labor Standards Act Litigation | 4 | 5 |
| CAC | D.J. Cormac J. Carney | MDL-1926 IN RE: Halftone Color Separations ('809) Patent Litigation | 5 | 5 |
|  | D.J. David O. Carter | MDL-1807 IN RE: Wachovia Securities, LLC, Wage and Hour Litigation | 18 | 21 |
|  | D.J. Dale S. Fischer | MDL-1822 IN RE: Bluetooth Headset Products Liability Litigation | 27 | 27 |
|  | D.J. Dale S. Fischer | MDL-1897 IN RE: Mattel, Inc., Toy Lead Paint Products Liability Litigation | 20 | 20 |
|  | D.J. Philip S. Gutierrez | MDL-1934 IN RE: Epogen and Aranesp Off-Label Marketing and Sales Practices Litigation | 5 | 5 |
|  | D.J. R. Gary Klausner | MDL-1816 IN RE: Katz Interactive Call Processing Patent Litigation | 53 | 54 |
|  | D.J. R. Gary Klausner | MDL-1864 IN RE: Charlotte Russe, Inc., Fair and Accurate Credit Transactions Act (FACTA) Litigation | 3 | 3 |
|  | D.J. S. James Otero | MDL-1891 IN RE: Korean Air Lines Co., Ltd., Antitrust Litigation | 74 | 74 |
|  | Sr.J. Mariana R. Pfaelzer | MDL-1574 IN RE: Paxil Products Liability Litigation | 6 | 149 |
|  | D.J. Dean D. Pregerson | MDL-1947 IN RE: Make-up Art Cosmetics (M.A.C.) Fair and Accurate Credit Transactions Act (FACTA) Litigation | 3 | 3 |
|  | D.J. Manuel L. Real | MDL-1737 IN RE: American Honda Motor Co., Inc., Oil Filter Products Liability Litigation | 5 | 5 |
|  | D.J. Christina A. Snyder | MDL-1671 IN RE: Reformulated Gasoline (RFG) Antitrust & Patent Litigation | 9 | 12 |
|  | D.J. Christina A. Snyder | MDL-1825 IN RE: Midland National Life Insurance Co. Annuity Sales Practices Litigation | 2 | 2 |
|  | C.J. Alicemarie H. Stotler | MDL-1803 IN RE: Banc of America Investment Services, Inc., Overtime Pay Litigation | 5 | 5 |
|  | D.J. Stephen V. Wilson | MDL-1745 IN RE: Live Concert Antitrust Litigation | 22 | 22 |

| District | Judge | Litigation | Actions Pending | Total Number Actions |
|---|---|---|---|---|
| ILN | D.J. Wayne R. Andersen | MDL-1876 IN RE: Long Beach Mortgage Company Truth in Lending Act 1-4 Family Rider Litigation | 3 | 3 |
| | Sr.J. Marvin E. Aspen | MDL-1425 IN RE: Ainster Copyright Litigation | 11 | 11 |
| | Sr.J. Marvin E. Aspen | MDL-1715 IN RE: Ameriquest Mortgage Co. Mortgage Lending Practices Litigation | 465 | 475 |
| | D.J. Elaine E. Bucklo | MDL-1784 IN RE: McDonald's French Fries Litigation | 14 | 15 |
| | D.J. David H. Coar | MDL-1536 IN RE: Sulfuric Acid Antitrust Litigation | 7 | 7 |
| | D.J. David H. Coar | MDL-1783 IN RE: JP Morgan Chase & Co. Securities Litigation | 3 | 3 |
| | D.J. David H. Coar | MDL-1940 IN RE: Aqua Dots Products Liability Litigation | 9 | 9 |
| | D.J. Robert W. Gettleman | MDL-1350 IN RE: Trans Union Corp. Privacy Litigation | 14 | 15 |
| | Sr.J. John F. Grady | MDL-986 IN RE: "Factor VIII or IX Concentrate Blood Products" Products Liability Litigation | 117 | 369 |
| | Sr.J. John F. Grady | MDL-1521 IN RE: Wireless Telephone 911 Calls Litigation | 10 | 10 |
| | Sr.J. John F. Grady | MDL-1703 IN RE: Sears, Roebuck & Co. Tools Marketing and Sales Practices Litigation | 4 | 7 |
| | Sr.J. John F. Grady | MDL-1925 IN RE: Air Crash Near Medan, Indonesia, on September 5, 2005 | 6 | 6 |
| | C.J. James F. Holderman, Jr. | MDL-1818 IN RE: Citifinancial Services Incorporated Prescreened Offer Litigation | 10 | 10 |
| | Sr.J. Harry D. Leinenweber | MDL-1893 IN RE: RC2 Corp. Toy Lead Paint Products Liability Litigation | 18 | 18 |
| | D.J. Charles R. Norgle, Sr. | MDL-1491 IN RE: African-American Slave Descendants Litigation | 2 | 10 |
| | D.J. Charles R. Norgle, Sr. | MDL-1604 IN RE: Ocwen Federal Bank FSB Mortgage Servicing Litigation | 76 | 91 |
| | D.J. Charles R. Norgle, Sr. | MDL-1927 IN RE: Texas Roadhouse Fair and Accurate Credit Transactions Act (FACTA) Litigation | 2 | 2 |
| | D.J. Amy J. St. Eve | MDL-1778 IN RE: Ocean Financial Corp. Prescreening Litigation | 5 | 6 |
| | D.J. James B. Zagel | MDL-899 IN RE: Mortgage Escrow Deposit Litigation | 1 | 75 |
| | D.J. James B. Zagel | MDL-1392 IN RE: General Motors Corporation Vehicle Paint Litigation (No. III) | 2 | 3 |
| | D.J. James B. Zagel | MDL-1946 IN RE: BP Products North America, Inc., Antitrust Litigation (No. II) | 20 | 20 |
| ILS | D.J. G. Patrick Murphy | MDL-1562 IN RE: General Motors Corp. Vehicle Cooling System Products Liability Litigation | 7 | 13 |
| | D.J. G. Patrick Murphy | MDL-1748 IN RE: Profiler Products Liability Litigation | 4 | 4 |
| INN | C.J. Robert L. Miller, Jr. | MDL-1700 IN RE: FedEx Ground Package System, Inc., Employment Practices Litigation (No. II) | 59 | 65 |
| INS | D.J. Sarah E. Barker | MDL-1373 IN RE: Bridgestone/Firestone, Inc., Tires Products Liability Litigation | 22 | 831 |
| | C.J. David F. Hamilton | MDL-1313 IN RE: AT&T Corp. Fiber Optic Cable Installation Litigation | 43 | 43 |
| | D.J. William T. Lawrence | MDL-1727 IN RE: COBRA Tax Shelters Litigation | 3 | 4 |
| KS | D.J. John W. Lungstrum | MDL-1468 IN RE: Universal Service Fund Telephone Billing Practices Litigation | 56 | 68 |
| | D.J. John W. Lungstrum | MDL-1616 IN RE: Urethane Antitrust Litigation | 4 | 30 |
| | C.J. Kathryn H. Vratil | MDL-1721 IN RE: Cessna 208 Series Aircraft Products Liability Litigation | 20 | 21 |
| | C.J. Kathryn H. Vratil | MDL-1840 IN RE: Motor Fuel Temperature Sales Practices Litigation | 50 | 50 |
| | C.J. Kathryn H. Vratil | MDL-1853 IN RE: The TJX Companies, Inc., Fair and Accurate Credit Transactions Act (FACTA) Litigation | 5 | 10 |
| KYE | Sr.J. Joseph M. Hood | MDL-1877 IN RE: ClassicStar Mare Lease Litigation | 17 | 19 |

**EXHIBIT "5"**



**BuchalterNemer**
A Professional Law Corporation

1000 WILSHIRE BOULEVARD, SUITE 1500, LOS ANGELES, CALIFORNIA 90017-2457
TELEPHONE (213) 891-0700 / FAX (213) 896-0400

File Number: L7526.0683
Direct Dial Number: (213) 891-5230
Direct Facsimile Number: (213) 630-5715
E-Mail Address: blesage@buchalter.com

June 9, 2008

<u>**VIA FEDERAL EXPRESS**</u>

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, D.C. 20002-8004

Re:     *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*
        **MDL Docket No. 1715**

Dear Clerk of the Panel:

This letter supplements Ameriquest Mortgage Company's ("Ameriquest") January 23, 2006, February 10, 2006, March 10, 2006, March 23, 2006, April 4, 2006, April 13, 2006, April 27, 2006, June 2, 2006, June 6, 2006, June 30, 2006, July 12, 2006, July 21, 2006, August 1, 2006, August 17, 2006, September 6, 2006, September 12, 2006, September 26, 2006, October 17, 2006, November 6, 2006, November 10, 2006, December 1, 2006, December 7, 2006, January 9, 2007, February 6, 2007, February 23, 2007, March 27, 2007, April 4, 2007, April 13, 2007, April 16, 2007, May 16, 2007, June 5, 2007, July 2, 2007, July 27, 2007, August 6, 2007, August 20, 2007, September 7, 2007, September 27, 2007, October 16, 2007, October 30, 2007, November 20, 2007, December 10, 2007, December 18, 2007, January 7, 2008, January 10, 2008, January 22, 2008, February 21, 2008, April 1, 2008, April 15, 2008, April 29, 2008, April 30, 2008 and June 3, 2008 letters, which identified five hundred and fifty-eight (558) potential "Tag Along" actions.

By way of background, on or about December 13, 2005, the Judicial Panel on Multidistrict Litigation (the "Panel") issued a Transfer Order, pursuant to which it granted the motion to transfer pursuant to 28 U.S.C. § 1407 (the "Motion") filed by plaintiffs in *Cheryl Williams and Duvall Naughton v. Ameriquest Mortgage Company*, Case No. 05-CV-6189 (S.D. N.Y.) ("*Williams*"). The Panel therefore ordered each identified action in the Motion transferred to the United States District Court for the Northern District of Illinois, The Honorable Marvin E. Aspen presiding (the "Transferee Court"), for pretrial proceedings.

Ameriquest opposed the Motion, and by this letter, reconfirms that it does not waive, but rather expressly preserves (for all purposes, including any appeals), all arguments raised in opposition to the Motion and all objections to the Transfer Order. These arguments and objections include, without limitation, those based on Federal and State Constitutional grounds, including but not limited to Due Process and Equal Protection under the law.

Buchalter Nemer

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
June 9, 2008
Page 2

Nevertheless, pursuant to Rules 1.1, 7.4 and 7.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (the "Rules") Ameriquest is compelled to identify the following actions as potential "Tag Along" actions as such actions are defined by the Rules.

Also pursuant to the Rules, a copy of the potential "Tag Along" complaints are enclosed herewith in a folder labeled with the corresponding case name and action number for your convenience.

| DISTRICT DIV./CIVIL ACTION NO. | CASE NAME |
|---|---|
| **ALABAMA** | |
| United States District Court for Middle District of Alabama Case No. 08-CV-0410 | *Champion, et al. vs. Ameriquest Mortgage Company, et al.* |
| **CALIFORNIA** | |
| United States District Court for Southern District of California Case No. 08-CV-0974 | *Advocate For Fair Lending, LLC. v.ACC Capital Holdings Corporation, et al.* |
| **MICHIGAN** | |
| United States District Court for Eastern District of Michigan Case No. 08-CV-12307 | *Marcum vs. Ameriquest Mortgage Company, et al.* |
| **PENNSYLVANIA** | |
| United States District Court for Eastern District of Pennsylvania Case No. 08-CV-02002 | *Plummer vs. Washington Mutual Bank* |

Ameriquest is continuing to locate additional potential "Tag Along" actions and anticipates a further supplemental designation. As always, please feel free to contact me with any questions.

Very truly yours,

BUCHALTER NEMER
A Professional Corporation

By

Bernard LeSage

**EXHIBIT "6"**



**1715**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 3 0 2008

FILED
CLERK'S OFFICE

### UNITED STATES JUDICIAL PANEL
on
### MULTIDISTRICT LITIGATION

**IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE
LENDING PRACTICES LITIGATION**                              MDL No. 1715

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO-46)**

On December 13, 2005, the Panel transferred five civil actions to the United States District Court
for the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to
28 U.S.C. § 1407. *See* 408 F.Supp.2d 1354 (J.P.M.L. 2005). Since that time, 319 additional actions
have been transferred to the Northern District of Illinois. With the consent of that court, all such
actions have been assigned to the Honorable Marvin E. Aspen.

It appears that the actions on this conditional transfer order involve questions of fact that are
common to the actions previously transferred to the Northern District of Illinois and assigned to
Judge Aspen.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199
F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern
District of Illinois for the reasons stated in the order of December 13, 2005, and, with the consent
of that court, assigned to the Honorable Marvin E. Aspen.

This order does not become effective until it is filed in the Office of the Clerk of the United States
District Court for the Northern District of Illinois. The transmittal of this order to said Clerk shall
be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of
the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**·OFFICIAL FILE COPY**

IMAGED JUL *l* 3 2008

**IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE
LENDING PRACTICES LITIGATION**                          MDL No. 1715

### SCHEDULE CTO-46 - TAG-ALONG ACTIONS

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **GEORGIA NORTHERN** | |
| GAN 1 08-1864 | Janice Long, et al. v. Ameriquest Mortgage Co., et al. |
| **MICHIGAN EASTERN** | |
| MIE 2 08-10478 | Carleton Whitsett, et al. v. Ameriquest Mortgage Co., et al. |
| MIE 2 08-12307 | Donna E. Marcum v. Ameriquest Mortgage Co., et al. |
| **PENNSYLVANIA EASTERN** | |
| PAE 2 08-2002 | George Plummer v. Deutsche Bank National Trust Co., et al. |
| **TENNESSEE WESTERN** | |
| TNW 2 08-2205 | Jerry L. Ivery, et al. v. Ameriquest Mortgage Co. |

| BKY.
DIST. DIV. ADVY. # | CASE CAPTION |
|---|---|
| **MASSACHUSETTS** | |
| MA 1 08-1109 | Francis Whratee Nyepon v. WM Specialty Mortgage, LLC, et al. |